PER CURIAM.
The petitioner appeals a trial court order that denied his petition for writ of mandamus. He petitioned the court to order Aramark Food Service Corporation to provide a copy of the food service contract between it and the Florida Department of Corrections, pursuant to the Florida Public Records Act. The trial court dismissed the petition on the ground that mandamus does not lie against a private corporation doing business with the State. We reverse and remand.
In News & Sun-Sentinel Co. v. Schwab, Twitty & Hanser Architectural Group, Inc., 596 So.2d 1029 (Fla.1992), the Supreme Court of Florida identified the factors to be considered in determining whether a private corporation is an “agency” subject to Florida’s Public Records *135 Act. The factors include, but are not limited to:
1) the level of public funding;
2) commingling of funds;
3) whether the activity was conducted on publicly owned property;
4) whether services contracted for are an integral part of the public agency’s chosen decision-making process;
5) whether the private entity is performing a governmental function or a function which the public agency otherwise would perform;
6) the extent of the public agency’s involvement with, regulation of, or control over the private entity;
7) whether the private entity was created by the public agency;
8) whether the public agency has a substantial financial interest in the private entity; and
9) for who’s [sic] benefit the private entity is functioning.
Id. at 1031. The court made clear that this list is not “all-inclusive,” due to the variety of circumstances that can be presented. Id.
From the record presented here, it does not appear the trial court undertook the required analysis to determine whether Aramark Food Service is an “agency” as used in Florida’s Public Records Act, which would subject it to compliance with the statute. We therefore reverse and remand the case to the trial court for further proceedings in accordance with this opinion.
WARNER, SHAHOOD and MAY, JJ., concur.